Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CraftShack, Inc., a Delaware Corporation;<br><br>Plaintiff,<br><br>v.<br><br>The Bottlist, Inc. d/b/a "Flask Fine Wine," a California corporation; and DOES 1-10,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br><u>Jury Trial Demanded</u> |

CraftShack, Inc. hereby prays to this Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. CraftShack is a Delaware corporation.

5. Upon information and belief, Defendant The Bottlist, Inc. d/b/a "Flask Fine Wine" is a California corporation with its principal place of business located at 12194 Ventura Blvd, Studio City, CA 91604. The Bottlist owns, operates, and/or controls the commercial website flaskfinewines.com and its related/affiliated subdomains, mobile websites, and applications (collectively, "The Bottlist's Website").

6. Upon information and belief, Defendants DOES 1-10 ("DOE Defendants") (collectively with The Bottlist, "Defendants") are other parties not yet identified who have infringed Plaintiff's copyrights and/or converted Plaintiff's property. The true names, whether corporate, individual, or otherwise, of DOE Defendants are presently unknown to Plaintiff, which therefore sues said DOE Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Upon information and belief, Plaintiff alleges that each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## THE BOTTLIST'S UNAUTHORIZED EXPLOITATION OF THE SUBJECT PHOTOGRAPHS

8. CraftShack operates an online craft beer marketplace which ships mostly small and family-owned beer and liquor directly to customers. As part of its business, CraftShack has created thousands of original photos to "standardize" the professional display of the products it sells on its website. This is important

1  because, while many of the manufacturers of those products offer promotional
2  photos thereof, those photos are often incohesive—e.g., shot with/from different
3  angles, backgrounds, lighting, etc. By creating homogenous and particularly
4  stylized product photos, CraftShack has created immense value for itself and its
5  customers. Indeed, due to the demand for CraftShack's work, CraftShack has
6  created a secondary business of offering licenses for the use of its original photos
7  to companies like The Bottlist. CraftShack's website displays its original
8  photographs used to promote the sale of the products depicted therein, and
9  maintaining exclusivity of use of those high-quality proprietary photos for only
10 CraftShack and its authorized licensees is crucial to CraftShack's business.

      9.     CraftShack took and owns 25 original photographs registered with the U.S. Copyright Office (collectively, the "Subject Photographs"). Copies of the Subject Photographs, along with their titles and registration numbers, are set forth in **Exhibit 1**.

      10.    Following the publication and display of the Subject Photographs, Defendants, and each of them, copied, stored, distributed, displayed, created derivative works of, and/or otherwise exploited the Subject Photographs on The Bottlist's Website without CraftShack's permission (the "Accused Posts"). Copies of screen captures of the Accused Posts are set forth in **Exhibit 2**.

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement – Against All Defendants, and Each)**

      11.    Plaintiff incorporates by reference the preceding paragraphs of this Complaint.

      12.    Upon information and belief, Defendants, and each of them, had access to the Subject Photographs, including through Plaintiff's website and social media accounts, or viewing the Subject Photographs on third-party websites or Internet search engines.

13. Upon information and belief, Defendants, and each of them, copied, stored, distributed, displayed, created derivative works of, and/or otherwise exploited the Subject Photographs on The Bottlist's Website without CraftShack's permission.

14. Due to Defendants' acts of copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

15. Due to Defendants' acts of copyright infringement, Defendants have obtained profits they would not have realized but for their infringement of Plaintiff's copyrights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Defendants' profits attributable to the infringement of Plaintiff's copyrights in the Subject Photographs in an amount to be established at trial.

16. Upon information and belief, Plaintiff alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of, or in reckless disregard or willful blindness for, Plaintiff's copyrights in the Subject Photographs, such that said acts of copyright infringement were, and continue to be, willful.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants, each of them, their respective agents, and anyone working in concert with Defendants and/or their agents, be enjoined from using the Subject Photographs in a way that infringes Plaintiff's copyrights in the same;

b. That Plaintiff be awarded all Defendants' profits, plus all Plaintiff's losses, attributable to Defendants' infringement of Plaintiff's copyrights in the Subject Photographs, the exact sum to be proven at trial; or alternatively, if elected, statutory damages under 17 U.S.C. § 504;

c. That Plaintiff be awarded its costs and fees under 17 U.S.C. § 505;

      d. That Plaintiff be awarded pre-judgment interest as allowed; and

      e. That Plaintiff be awarded such further relief as this Court finds proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: August 13, 2024                DONIGER/BURROUGHS

                                      By:   */s/ Stephen M. Doniger*
                                                 Stephen M. Doniger, Esq.
                                                 Benjamin F. Tookey, Esq.
                                                 *Attorneys for Plaintiff*